IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN PAUL SINGH, | No. 3:21-CV-00200 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| JOHN WETZEL, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

FEBRUARY 23, 2022

I.  BACKGROUND

Ryan Paul Singh ("Singh"), a state inmate incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983, on February 4, 2021, naming as Defendants the following former and current employees of the Department of Corrections ("DOC") and SCI-Huntingdon: former DOC Secretary John Wetzel ("Wetzel"); DOC Executive Deputy Secretary Shirley Moore Smeal; Superintendent Kauffman ("Kauffman"); Deputy B. Brumbaugh ("Brumbaugh"); Major P. Lechner ("Lechner"); CCPM J. Spyker ("Spyker"); DSCS W.S. Walters ("Walters"); Hearing Examiner Ellenberger ("Ellenberger"); Lt. Eberling ("Eberling"); and Correctional Officers Lowe, Wertz, Hicks, and Harris.[1]

---

1   Doc. 1.

On June 22, 2021, Defendants moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Singh's complaint. For the reasons set forth below, Defendants' motion will be granted, with leave to Singh to file an amended complaint.

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint states in full:

On January 4, 2019 I was called back from library and Officer Lowe and Wertz were waiting for me. They stole two manilla envelopes addressed to be mailed along with my other legal documents. He searched me and sent me to the center. About forty-five minutes later I was given one confirmation slip and told it's not me Singh am worrying for a bigger devil, then told go back to F-Block. Shortly after C.O. Johnson locked the cell door, said security was on the way for me. I was taken to the RHU without any Due Process. Later on in the evening of January 4, 2019 I was given a DC141 stating I was placed on Administrative Custody, but not for what.

Now, prior to this I filed a federal habeas corpus and served custodial official Kevin Kauffman with the documents according to FRCP. The administration stole more than what they said along with all my day one documents I filed with the Department of State in Maryland in 2017 and received a file #170601-113902, which was also used in the habeas corpus as exhibits; books, papers were stolen that had nothing to do with legal affairs. When I used the process of "International Law" courts didn't say or the state department any document presented was fake, forged or fraudulent. No document was used in a malicious manner.

So, John Wetzel involvement is he runs the entire DOC along with central office legal and gave ok to steal my intellectual property of legal documents. Kevin Kauffman told his officers to ransack my belongings and they conspired and stole my legal documents. Officer Lowe on January 4, 2019 along with Officer Wertz initiated the robbery that was conducted. Officer Hicks on January 4, 2019 was ordered to rob me of my legal documents also on 9-5 shift. Captain Harris was in approval of all this on January 4, 2019. Lt. Eberling was also in approval of said fraud on 1/4/19 along with Captain B. Harris who both signed. Ellenberger the hearing examiner also in cahoots on 1/11/19 at beginning to end of

hearing. W.S. Walters, J. Spyker, P. Lechner, B. Brumbaugh all upheld decisions on 1/28/19 and conspired with their cohorts. Executive Deputy Shirley Moore Smeal spoke to me on 2/24/19 and sent her a letter. She said she would look into the matter and passed it off to Staff Assistant of Western Region Rick Kustenbauder who directed me back to Chief Secretary Office.[2]

Thus, Singh files the instant action seeking "the return of all 'documents' stolen, which was filed with and unrelated materials" and, if not, "one million dollars for violation of [his] God given sovereign right to access the courts and retaliation and conspiracy and defamation."[3]

## III. RULE 12(b)6 STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[4] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[5] A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[6]

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[7]

---

[2] Doc. 1.
[3] *Id*.
[4] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[5] *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)).
[6] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.[8]

Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.[9] At the second step, the Court identities those allegations that, being merely conclusory, are not entitled to the presumption of truth. *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful."[10] Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

---

[8]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted).
[9]   *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).
[10]   *Id.* at 681.
[11]   *Id.*

## IV.  ANALYSIS

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.[12]  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....[13]

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."[14]  Thus, § 1983 limits liability to persons who violate constitutional rights.

### A.  Access to Courts Claim

It is well-settled that "prisoners have a constitutional right of access to the courts."[15]  Prisoners are not necessarily "capable of filing everything" but have a right of access to "attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."[16]  The right "must be adequate, effective and

---

[12]  *See* 42 U.S.C. § 1983
[13]  *Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).
[14]  *West v. Atkins*, 487 U.S. 42, 48 (1988).
[15]  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).
[16]  *Lewis v. Casey*, 518 U.S. 343, 355 (1996).

meaningful and must be freely exercisable without hindrance or fear of retaliation."[17]

Because an access to the courts claim "is ancillary to the underlying claim," a plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim" that was lost.[18] The complaint "must describe the underlying claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'"[19] "[A]n inmate must allege actual injury, such as the loss or rejection of a legal claim."[20]

Singh alleges that, without any reason or justification, Defendants Lowe and Wertz stole "two manilla envelopes addressed to be mailed along with [his] other legal documents," as well as "the administration" stealing his documents allegedly "used in the habeas corpus as exhibits." Such scant and vague allegations are insufficient to plead a denial of access to courts claim.

The Plaintiff's complaint is devoid of any facts or description of the merits of a nonfrivolous or arguable underlying claim or a lost remedy. Also absent from the complaint is an identifiable actual injury. Because Singh has not alleged any facts concerning the merits of his underlying claims, or indicate that he suffered an actual injury, he fails to state a First Amendment denial of access to the courts claim.[21]

---

[17] *Milhouse v. Carlson*, 652 F.2d 371, 374 (3d Cir.1981) (internal citations omitted).
[18] *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quoting *Lewis*, 518 U.S. at 353 & n.3).
[19] *Id.* at 416-18.
[20] *Oliver v. Fauver*, 118 F.3d 175, 177 (3d Cir. 1997) (citing *Lewis*, 518 U.S. 343).
[21] *See Presbury v. Wetzel*, 789 F. App'x 294, 295 (3d Cir. 2020); *Heath v. Link*, 787 F. App'x 133, 136 (3d Cir. 2019).

B.     **Retaliation Claim**

Although a prisoner's constitutional rights are necessarily circumscribed, an inmate still retains First Amendment protections when they are "not inconsistent" with prisoner status or with the "legitimate penological objectives of the corrections system."[22]  To state a First Amendment retaliation claim, a prisoner must plausibly plead that (1) "he was engaged in constitutionally protected conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the inmate's protected conduct was a "substantial or motivating factor" in the prison officials' decision to take the adverse action.[23]

Although somewhat convoluted, it appears that Singh alleges that he was retaliated against by Defendants who stole his legal documents because Singh previously filed a federal habeas corpus action. Plaintiff's retaliation claim, however, fails to allege causation for Defendants' actions.  Nothing in his complaint indicates why his previous filing of a federal writ of habeas corpus would be a substantial or motivating factor in these officers' allegedly retaliatory conduct of stealing Plaintiff's legal materials.  As such, Plaintiff's retaliation claims is subject to dismissal.

---

[22]   *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010)).
[23]   *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser*, 241 F.3d at 333).

Case 4:21-cv-00200-MWB-DB   Document 18   Filed 02/23/22   Page 8 of 9

  **C.**  **Conspiracy Claim**

To the extent Singh intends to bring a conspiracy claim under 42 U.S.C. §§ 1983 and 1985, it also fails. To state a claim for conspiracy under section 1983, a plaintiff must allege "persons acting under color of state law reached an understanding to deprive him of his constitutional rights."[24] This requires "state actors took 'concerted action' based on an 'agreement' to deprive the plaintiff of his constitutional rights, and that there was an actual underlying constitutional violation of the plaintiff's rights."[25]  However, even accepting Plaintiff's allegations that an agreement among Defendants to deprive him of his constitutional right to access-to-court existed, as analyzed above there is no such deprivation as alleged.  Having failed to plausibly allege a violation of his right to access-to-court, a claim for conspiracy to violate the right fails.[26]

To state a conspiracy claim under section 1985(3), Plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.[27] Plaintiff fails to sufficiently allege any of these elements, including Defendants being

---

[24] *Harvard v. Cesnalis*, 973 F.3d 190, 207 (3d Cir. 2020) (quoting *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293-94 (3d Cir. 2018) (internal quotation marks and citation omitted)).
[25] *Id*. (citing *Jutrowski*, 904 F.3d at 295).
[26] *Schlager v. Beard*, 398 F. App'x 699, 702 (3d Cir. 2010) (citing *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999), *superseded by statute on other grounds as recognized by P.P. v. West Chester Area Sch. Dist.*, 585 F.3d 727 (3d Cir. 2009)).
[27] *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).

8

motivated by a racial or class-based discriminatory animus to deprive him of equal protection of the law.[28]  Any claim under section 1985(3) fails and Plaintiff's claims of conspiracy will be dismissed.

Generally, "plaintiffs who file complaints subject to dismissal. . . should receive leave to amend unless amendment would be inequitable or futile.[29]  The Court will grant Singh leave to amend his complaint to rectify the deficiencies identified above, as Singh cannot move forward on his access to courts claim without an identifiable injury; nor can he move forward on his retaliation claim without identifying Defendants' motivating factor.

## V. CONCLUSION

Based on the above, Defendants' motion to dismiss Singh's complaint will be granted, with leave to Singh to file an amended complaint.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[28] *Whitehead v. Wetzel*, 720 F. App'x 657, 662 (3d Cir. 2017).
[29] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

9